UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER N. W.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-6012-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ misevaluated the medical evidence and her symptom testimony. Dkt. 21. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 38 years old, has a high school education, and has no past relevant work. Tr. 1960. She applied for benefits on January 28, 2020, alleging disability as of March 1, 2019. Tr. 1943; Dkt. 21 at 2. Her application was denied initially and upon reconsideration. Tr. 454-57, 461-63. ALJ Stuart Janney held a hearing on March 1, 2022, and issued a decision finding Plaintiff not disabled. Tr. 194-217. The Appeals Council denied Plaintiff's request for review and Plaintiff filed a complaint in this Court. Tr. 1-7, 2068-69. On April 2, 2024, this

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 1

Court remanded Petitioner's case for further proceedings. Tr. 2083-91. ALJ Allen Erickson held a second hearing on July 2, 2025, and issued a decision finding Plaintiff not disabled. Tr. 1943-61. As the Appeals Council denied Plaintiff's request for review of ALJ Erickson's decision, the ALJ's decision is the Commissioner's final decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since January 28, 2020.

**Step two:**  Plaintiff had the following severe impairments: lumbar spine degenerative disc disease and degenerative joint disease status-post surgery; obesity; bipolar disorder; post-traumatic stress disorder (PTSD); attention deficit hyperactivity disorder (ADHD); and binge eating disorder.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform light work as defined in 20 C.F.R. § 416.9679(b) except she can occasionally climb ladders, ropes, and scaffolds. She can occasionally crawl. She can have occasional exposure to vibration and extreme cold temperatures. She can understand, remember, and carry out simple instructions and cannot work in a fast-paced production type environment such as where there is assembly line work or a high hourly quota. She can make simple, work-related decisions. She can have no interaction with the general public and can have only occasional interaction with coworkers and supervisors but cannot work in a team-oriented environment. She can be exposed to occasional change in a routine work setting.

**Step four:**  Plaintiff had no past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 1946, 1949-50, 1960.

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 2

**DISCUSSION**

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

**A.      Plaintiff's Testimony**

The ALJ found Plaintiff's impairments could reasonably be expected to cause her symptoms and did not find malingering. The ALJ was thus required to provide clear and convincing reasons to discount her testimony. *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001). "General findings are insufficient; rather, an ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996). In other words, the ALJ's findings must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015). Plaintiff argues the ALJ did not articulate legally sufficient reasons to reject her testimony. Dkt. 21 at 4-7.

The ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence. Tr. 1951. After summarizing the relevant evidence, the ALJ concluded the record showed little engagement in recent physical treatment and improvement in Plaintiff's mental health with treatment. Tr. 1958.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 3

TALJ also noted most of Plaintiff's mental complaints centered around situational stressors, and her ability to care for her son with special needs and work during the relevant period undermined her testimony. *Id.*

Plaintiff argues the ALJ ignored her use of morphine for pain relief throughout the relevant period when he highlighted a lack of treatment. Dkt. 21 at 6-7. However, the ALJ explicitly acknowledged her morphine use throughout his decision. *See* Tr. 1952 ("she was started on morphine, among other things," "the claimant was taking 15mg morphine per day for pain"); 1953 ("she continued to use morphine as needed"). Moreover, it was Plaintiff's lack of *recent* physical treatment that the ALJ found was inconsistent with her alleged degree of limitation. Tr. 1958. Failure to pursue or comply with treatment can be a clear and convincing reason to reject a claimant's testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (unexplained or inadequately explained failure to follow prescribed course of treatment may negatively affect a claimant's credibility determination). But the ALJ must consider whether reasons exist to explain the lack of treatment. *Finney v. Kijakazi*, 2022 WL 17830000, at *1 (9th Cir. Dec. 21, 2022).

Plaintiff explained during her hearing her mental health symptoms have prevented her from seeking care for her physical impairments. Tr. 1997, 1999, 2003. She testified she gets agoraphobic tendencies and has been unable to make it to the pain clinic, so she only manages her pain with ibuprofen now. Tr. 1997. Plaintiff also explained she could not get back surgery until she lost 100 pounds, which she has been unable to accomplish due to her binge eating disorder. Tr. 1995. Thus, Plaintiff has provided good reasons for her lack of recent physical treatment. *Molina,* 674 F.3d at 1114 (failure to follow a course of treatment may be excused if the noncompliance is attributable to mental illness).

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 4

But even if the ALJ improperly relied upon Plaintiff's lack of recent physical treatment, the ALJ provided other reasons to discount her testimony which Plaintiff does not challenge in her opening brief. Rather, Plaintiff reiterates her symptom testimony and vaguely states "[s]he was honest and the ALJ failed to notice it and failed in the co-burden to develop the daily activities before using them to discount a claimant." Dkt. 21 at 5. But this argument fails to establish any error, as the ALJ did not find Plaintiff's testimony inconsistent with her activities of daily living.

Plaintiff raises several arguments for the first time in her reply brief. First, she alleges the ALJ did not address hand weakness and pain, and that these deficits were dispositive based on the VE's testimony. Dkt. 27 at 2. Next, Plaintiff argues the ALJ improperly used evidence of work activity during the relevant period because the ALJ failed to develop how that work was performed or compensated. Dkt. 27 at 4. Plaintiff also argues the ALJ failed to consider her obesity alongside her other impairments, and the ALJ improperly found her mental health symptoms were due to situational stressors. Dkt. 27 at 5, 8- 9. Plaintiff did not raise these issues in her opening brief and has accordingly waived these arguments. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (arguments not made in opening brief are deemed waived).

In any event, most of these arguments lack merit. The ALJ found Plaintiff's hand impairments nonsevere at step two because her left hand improved after surgery, imaging of her right hand showed only mild findings, and she generally had normal grip strength on examination. Tr. 1946-47. The ALJ also noted despite these issues, Plaintiff had been able to paint and garden. *Id.* Thus, the ALJ properly addressed Plaintiff's allegations of hand weakness and pain.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 5

As to evidence of work activity, an ALJ may consider any work done by a claimant when evaluating a disability claim. *Nadon v. Bisignano*, 145 F.4th 1133, 1136 (9th Cir. 2025); 20 C.F.R. § 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). There is no burden here for the ALJ to develop how work was performed or explain how it "stood as a proxy for the world of work," as Plaintiff suggests.[3] Dkt. 27 at 6. Next, the ALJ found Plaintiff's obesity was a severe impairment and discussed the impact of her weight on both her physical and mental impairments throughout his decision. Tr. 1950-58.

The Court agrees the ALJ erred by finding Plaintiff's mental health symptoms were a result of situational stressors. Although the record shows Plaintiff's issues with her son were a major source of stress, "because mental health conditions may presumably *cause* strained personal relations or other life stressors, the Court is not inclined to opine that one has caused the other based only on the fact that they occur simultaneously." *Brendan J. G. v. Comm'r, Soc. Sec. Admin.,* 2018 WL 3090200, at *7 (D. Or. June 20, 2018). That said, such error is harmless, as the ALJ as provided other valid reasons for discounting Plaintiff's testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)

As the ALJ provided clear and convincing reasons to discount Plaintiff's subjective symptom testimony which Plaintiff has failed to challenge in her opening brief, the Court affirms the ALJ's treatment of her testimony.

---

[3] The case law Plaintiff cites in support of this contention regards an ALJ's use of a claimant's activities of daily living to discount testimony, not actual work activity. *See* Dkt. 27 at 4-5 (citing *Trevizo v. Berryhill,* 871 F.3d 664, 676, 682 (9th Cir. 2017) and *Garrison v. Colvin,* 759 F.3d 995, 1016-17 (9th Cir. 2014)).

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 6

**B.      Medical Opinion Evidence**

Plaintiff contends the ALJ misevaluated the opinions of Kimberley Wheeler, Ph.D., and her therapist, Gytha Nydam, MHP. Dkt. 21 at 7-11. The ALJ considers the persuasiveness of medical opinions using five factors, but supportability and consistency are the most important factors. 20 C.F.R. § 416.920c(b)(2), (c). The ALJ must explain how he considered supportability and consistency but need not explain how he considered other factors. 20 C.F.R. § 416.920c(b). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Conclusions alone are insufficient; "an ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings."" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

**1.      Kimberley Wheeler, Ph.D.**

Dr. Wheeler evaluated Plaintiff on April 27, 2021, and opined Plaintiff has several moderate and marked limitations in basic work activities. Tr. 1260-64.[4] Plaintiff argues the ALJ failed to articulate legally sufficient reasons to reject Dr. Wheeler's marked limitations. Dkt. 21 at 7.

Dr. Wheeler opined Plaintiff was markedly limited in her abilities to: understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; ask simple questions or request

---

[4] Dr. Wheeler previously evaluated Plaintiff in 2019 and reviewed this record when drafting her 2021 evaluation. *See* Tr. 1255-59.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 7

assistance; communicate and perform effectively in a work setting; complete a normal workday

and work week without interruptions from psychologically based symptoms; and set realistic

goals and plan independently. Tr. 1262. The ALJ rejected Dr. Wheeler's opinion on

supportability and consistency grounds. Tr. 1959.

**(a). Supportability**

The ALJ found Dr. Wheeler's opinion unsupported by her exam findings. Tr. 1959. He

noted that other than impaired concentration and memory, the mental status exam was within

normal limits. *Id.* Plaintiff argues the mental status examination and other portions of Dr.

Wheeler's opinion support the marked limitations. Dkt. 21 at 10. The Court agrees. In finding the

opinion unsupported, the ALJ mischaracterized Dr. Wheeler's findings as unremarkable. But, the

MSE contains several abnormal findings, such as Plaintiff's anxious and dysphoric mood, and

Dr. Wheeler's observation that Plaintiff was easily distracted and often answered other than what

was asked. Tr. 1263. Dr. Wheeler also noted Plaintiff's anxiety was high over the course of the

interview and led to difficulty in staying oriented to questions, and Plaintiff often felt

overwhelmed. *Id.* Dr. Wheeler found Plaintiff experienced symptoms such as racing thoughts,

forgetfulness, being easily overwhelmed and overstimulated, and poor sleep quality. Tr. 1261.

These findings support Dr. Wheeler's opinion Plaintiff would have several marked functional

limitations. The Court thus finds the ALJ's supportability findings are not supported by

substantial evidence.

**(b).    Consistency**

The ALJ found Dr. Wheeler's opinion inconsistent with the largely normal mental status

examinations in the record; subsequent counseling records showing the bulk of Plaintiff's

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 8

complaints were due to situational stressors; and Plaintiff's ability to care for her son with special needs and engage in work activity. Tr. 1959.

Plaintiff fails to adequately address the ALJ's consistency analysis. Without citing the record, she generally asserts the normal mental status examinations "were not always normal," and that progress notes included more "explanatory interview data, clinical observations, and professional subjective judgments." Dkt. 21 at 11. Plaintiff's generalized references to other MSEs and progress notes do not establish harmful error, and she fails to address the ALJ's findings regarding her work activity, care for her son, and situational stressors. As a result, Plaintiff has waived these arguments to the ALJ's consistency findings. *Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (holding where claimant gave "short shrift" to her arguments, failing to "actually argue" any of her points beyond "bare assertions of error," she waived the arguments); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("a bare assertion of an issue does not preserve a claim.").

The ALJ's unchallenged consistency findings are a sufficient independent basis for the ALJ to find Dr. Wheeler's opinions are unpersuasive, even if the ALJ's supportability findings were erroneous. *See Woods,* 32 F.4th at 792-94 & n.4. Accordingly, the Court affirms the ALJ's treatment of Dr. Wheeler's opinion.

### 2.      Gytha Nydam, MHP

Plaintiff's therapist, Ms. Nydam, found Plaintiff had many marked limitations, would be absent five or more days per month, and would be off task for more than thirty percent of the workday. Tr. 1372. The ALJ found Ms. Nydam's opinion unpersuasive for essentially the same reasons he found Dr. Wheeler's opinion unpersuasive. Tr. 1959-60. Plaintiff contends the ALJ "gave the same failing reasons" to reject Ms. Nydam's opinion and offers no further elaboration.

Dkt. 21 at 11. As discussed above, Plaintiff failed to adequately challenge the ALJ's consistency findings regarding Dr. Wheeler's opinion and has repeated this mistake with that of Ms. Nydam. Accordingly, the Court declines to disturb the ALJ's findings.

In sum, the Court finds the ALJ provided valid reasons to discount the challenged medical opinions and accordingly affirms the ALJ's determination.

## CONCLUSION

The Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 12th day of May, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 10